## MADISON M. DENSON *v.* H. T. STEWART et al.

When an interlocutory order is made, that a motion to dissolve an injunction should stand as part of the
answer, it cannot cause an irreparable injury, and consequently cannot be appealed from—*Held:*
That when the motion puts at issue the truth of the allegations of the petition for injunction, it is
proper that such an order should be made.

APPEAL from the District Court of the Parish of Caddo, *Creswell, J.*
A. B. Levisee, for plaintiff. *Landrum & Williamson,* for defendants and
appellants.

LAND, J. The plaintiff sues the defendant. *Stewart,* for the sum of four hun-
dred and twenty dollars, with interest, for the alleged balance of the price of a
slave sold by him, as agent for plaintiff; and enjoins *John Walters,* a merchant
of Shreveport, from paying said sum of money over to said *Stewart,* on the al-
legations of ownership in himself, deposit by defendant with *Walters,* the insol-
vency of *Stewart.* and of his fear and belief that if the money is paid to defen-
dant, that he will convert the same to his own use, and thereby *defraud* him,
plaintiff, of his just rights.

The defendant *filed* a motion to dissolve the injunction on the following
grounds :

First. Because the bond is not signed by the plaintiff, or any duly authorized
agent or attorney at law.

Secondly. That the affidavit is not made by the plaintiff, or any duly autho-
rized agent or attorney-at-law.

Thirdly. Because the plaintiff does not make *any averments* or *allegations, that
entitle* him to the *writ of injunction,* and *if he does make such allegations, they
are untrue.*

Fourthly. That a final judgment has been rendered by your honorable
court, dissolving plaintiffs injunction upon the same issues presented by the
present pleadings ; which last ground defendant pleads as a peremptory ex-
ception.

Defendants further aver, they have sustained seventy-five dollars general dam-
ages by the loss of the use of the money enjoined, and the trouble and vexation
of this suit, and fifty dollars special damages for counsel fees. Whereupon they
pray the injunction may be dissolved at plaintiff's costs, and that they have judg-
ment against plaintiff and his security *in solido,* for the said sums of seventy-five
and fifty dollars, general and special damages, &c.

The District Judge ordered this motion to stand as a part of the defendant's
answer, and from this order formally signed by the Judge, the defendant, *Stew-
art,* has appealed.

The plaintiff's counsel has filed a motion to dismiss the appeal, on the grounds
that the judgment appealed from is not a final one ; and, secondly, because it
will not work an irreparable injury to defendant.

The judgment is interlocutory, and could have caused no injury to defendants,
and was, besides very proper in itself, because the *third ground* taken in the mo-
tion to dissolve, puts at issue the truth of all the allegations in the petition, as
well as the law arising upon them, and was in itself the general issue or denial,

DENSON
v.
STEWART.

for under our system of pleading, the general denial puts at issue both the law and facts of the plaintiff's case.

It is, therefore, ordered and decreed, that the motion be sustained, and the appeal be dismissed at costs of appellant.